IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO. CR416-353 |
| ) | |
| KAI JACOBIE BOLDEN, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant Kai Jacobie Bolden's Motion for Compassionate Release (Doc. 485), which the Government opposes (Doc. 486). For the following reasons, Defendant's motion (Doc. 485) is **DENIED IN PART** and **DISMISSED IN PART**.

### BACKGROUND

On May 8, 2017, Defendant Bolden pleaded guilty to conspiracy to launder monetary instruments. (Docs. 218, 219.) Defendant was sentenced to 120 months' imprisonment, to be followed by 3 years of supervised release. (Doc. 468.) According to the BOP website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Edgefield in Edgefield, South Carolina, with a projected release date of August 21, 2025. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on July 9, 2020).

**ANALYSIS**

In Defendant's motion for compassionate release, Defendant seeks an order from this Court granting him compassionate release. (Doc. 485 at 2-3.) In the alternative, Defendant seeks to be placed in home confinement for the remainder of his sentence. (Id. at 1.) Defendant generally argues that he has medical conditions that warrant compassionate release and that his rehabilitation should also warrant a reduction in his sentence. (Id. at 4.) In response, the Government opposes Defendant's request and argues that Defendant has failed to establish a qualifying medical condition as required under U.S.S.G. § 1B1.13. (Doc. 486 at 10.)

I. Compassionate Release

To the extent Defendant is seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court finds that Defendant's motion must be denied. 18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's Warden. At a minimum, the inmate's request must contain

2

"[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration;" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." Id. § 571.61(a).

In this case, Defendant claims to have exhausted all of his administrative remedies (Doc. 485 at 3) and the Government does not dispute that (Doc. 486 at 5 n.3). However, even assuming Defendant has exhausted his administrative remedies, he has not provided "extraordinary and compelling reasons" that warrant a reduction in his sentence. Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a

serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

In seeking compassionate release, Defendant generally states that he "meets the medical condition and family circumstances" examples of extraordinary and compelling reasons to reduce a term of imprisonment under § 3582(c)(1)(A) and that he is qualified for compassionate release due to his rehabilitation. (Doc. 485 at 3.) Specifically, Defendant contends that he "has a verifiable medical condition" as reflected in his medical file, he is suffering from serious physical and medical conditions, and is experiencing deteriorating physical and/or mental health as a result of his age and physical condition. (Id. at 4.)

Although Defendant fails to describe his medical conditions in his motion, the Government notes that Defendant states in his request for compassionate release to the warden that he has chronic care high blood pressure, Type 2 diabetes, asthma, and has had elbow surgery. (Doc. 486 at 12.) Although these are chronic conditions, Defendant has failed to demonstrate the severity of his illnesses or the effect these conditions have on his ability to care for himself in the facility. See United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020); United States v. Johnson, No. CR 108-110, 2020 WL 2449343, at *1 (S.D. Ga. May 12, 2020). Moreover, the Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."); Johnson, 2020 WL 2449343, at *1 ("[Defendant's generalized concern about possible exposure [to COVID-19] is at this point too speculative to qualify as extraordinary and compelling."). Additionally, a defendant's rehabilitation alone does not constitute an extraordinary and compelling reason to reduce his term of

imprisonment. 28 U.S.C. § 994 ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Accordingly, the Court finds that Defendant is not entitled to a reduction of his term of imprisonment at this time. Defendant's motion is **DENIED**.

II.   Home Confinement

Defendant also seems to request home confinement. (Doc. 485 at 1.) It should be noted that a request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") is different than a request for sentence reduction based upon compassionate release. Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). Under Section 12003(b)(2) of the CARES Act, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the BOP is permitted to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." United States v. Allen, No. 2:14-cr-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020). Thus, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding

6

home confinement in connection with the CARES Act. Id. at *1. This Court lacks the authority to order the BOP to release a prisoner on home confinement. See United States v. Calderon, No. 1911445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); see also Allen, 2020 WL 2199626, at *1 ("These statutes do not authorize a federal court to order the BOP to release a prisoner."); United States v. Greene, No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020). Thus, to the extent Defendant is seeking an order from this Court placing him on home confinement, Defendant's motion is **DISMISSED**.

## CONCLUSION

Accordingly, based on the foregoing, Defendant's Motion for Compassionate Release (Doc. 485) is **DENIED IN PART** and **DISMISSED IN PART**.

SO ORDERED this 10th day of July 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA